IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| AUBREY GOODWIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:09cv60-WHA |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

On January 14, 2009, the petitioner, Aubrey Goodwin, filed a document with this court (Doc. No. 1) wherein he challenges the validity of his convictions and sentence for unlawful distribution of crack cocaine. A review of the petitioner's allegations, to the extent they are understood by this court, indicates that he seeks relief that is appropriate only under the remedy provided by 28 U.S.C. § 2255. *See Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999). "Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990). Accordingly, this court concludes that the petitioner's pleading (Doc. No. 1) should be construed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

In light of the foregoing, and in accordance with *Castro v. United States*, 540 U.S.

375 (2003), **the court hereby advises the petitioner of its intention to re-characterize his pleading as a § 2255 motion.** The court **cautions** the petitioner that such re-characterization will render this motion and any subsequent § 2255 motion filed with this court susceptible to each of the procedural limitations imposed upon § 2255 motions. Specifically, the petitioner is cautioned that the instant motion and any subsequent § 2255 motion shall be subject to the one-year period of limitation and the successive petition bar applicable to post-conviction motions.[1]

It is further

**ORDERED that on or before February 12, 2009, the petitioner shall advise this court** whether he seeks to:

1. Proceed before this court under 28 U.S.C. § 2255 on the claims presented in his pleading (Doc. No. 1) filed on January 14, 2009;

2. Amend his pleading to assert any additional claims under 28 U.S.C. § 2255 on which he wishes to challenge the convictions and sentence imposed upon him by this court; or

3. Dismiss his pleading.

**The petitioner is advised that if he fails to file a response in compliance with this**

---

[1] "A 1-year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255 ¶6. Further, Title 28 U.S.C. § 2244(b)(3)(A) requires that "[b]efore a second or successive [28 U.S.C. § 2255 motion] ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

**order, this cause will proceed as an action under 28 U.S.C. § 2255 with the court considering only those claims presented in the motion filed on January 14, 2009.**

In order to assist the petitioner should he choose to proceed before this court under 28 U.S.C. § 2255, the Clerk is DIRECTED to provide the petitioner with the form for filing a motion pursuant to 28 U.S.C. § 2255.

Done this 23rd day of January, 2009.

                                    /s/Susan Russ Walker
                                    SUSAN RUSS WALKER
                                    CHIEF UNITED STATES MAGISTRATE JUDGE